IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmie Harris, ) | |
| ) | CR No. 2:12-cr-00232-MBS-19 |
| Movant, ) | C/A No. 2:16-cv-2603-MBS |
| v. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Jimmie Harris ("Movant") is a federal inmate currently housed at USP Coleman I in Coleman, Florida. On July 21, 2016, Movant, originally proceeding without counsel[1], filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. ECF No. 1721. This matter is before the court on a motion to dismiss filed by Respondent United States of America (the "government") on September 8, 2016. ECF No. 1729. Movant filed a response to the government's motion on December 7, 2016. ECF No. 1786.

I.       FACTUAL AND PROCEDURAL HISTORY

On November 12, 2014, a federal grand jury returned an eleven-Count Fourth Superseding Indictment against Movant and his co-conspirators. The Superseding Indictment charged Movant with: conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (Count 1); conspiracy to use interstate commerce facilities to commit murder for hire in violation of 18 U.S.C. §§ 1958(a) and (b) (Count 5); use of interstate commerce facilities in commission of a

---

[1] Movant received counsel for assistance with his claim made pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). Movant proceeds pro se with the remainder of his grounds for relief.

murder for hire in violation of 18 U.S.C. §§ 1958 and 2 (Count 6); obstruction of justice (attempted murder of a witness to prevent testimony) in violation of 18 U.S.C. §§ 1512(a)(1)(A) and 2 (Count 8); obstruction of justice (attempted murder of a witness in retaliation for providing information to law enforcement) in violation of 18 U.S.C. §§ 1513(a)(1)(B) and 2 (Count 9); conspiracy to possess firearms in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (O) (Count 10); and use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count 11). ECF No. 1247. On March 31, 2015, Movant pleaded guilty to Counts 8 and 11 pursuant to a plea agreement. ECF No. 1429. On October 13, 2015, the Honorable Sol Blatt, Jr. sentenced Movant to a total of 550 months imprisonment, with 5 years of supervised release to follow. ECF No. 1587. Movant received a sentence enhancement pursuant to § 924(c)(3)(B), which enhances sentences for defendants who commit violent felonies. Movant did not appeal his sentence or conviction.

Movant's § 2255 motion asserts: the offense for which Movant was convicted no longer qualifies as a crime of violence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015)(Ground 1); Movant's guilty plea was invalid (Ground 2); and Movant received ineffective assistance of counsel (Ground 3). ECF No. 1721 at 4.

## II. DISCUSSION

### A. Movant's Johnson claim

Movant seeks a correction of his sentence on the basis that he should not have received a sentence enhancement under Johnson. In Johnson, the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more

2

convictions for a serious drug offense or violent felony. Under the ACCA as codified at 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In <u>Johnson</u>, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.[2]

Notably, Movant's sentence enhancement did not come from the ACCA but from § 924(c)(3)(B). Under § 924(c)(3)(B):

> the term "crime of violence" means an offense that is a felony and--
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The <u>Johnson</u> court did not contemplate § 924(c)(3)(B) in its opinion. However, the Court of Appeals for the Fourth Circuit has recently held that the holding in <u>Johnson</u> applies to § 924 (c)(3)(B) enhancement cases, due to § 924(c)(3)(B)'s similar language. See <u>United States v. Sims</u>, 914 F.3d 229, 233 (2019). The United States Supreme Court reached the same conclusion in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). Accordingly, the court will apply the same analysis that it would use in an ACCA case to Movant's case.

---

[2] The Supreme Court made <u>Johnson</u> retroactive on collateral review in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016).

In performing a Johnson analysis, the court must first determine whether Movant's offense is categorically violent, or whether it is divisible. Movant was charged with witness tampering under 18 U.S.C. § 1512. The witness tampering statute provides that witness tampering can be accomplished through killing; attempting to kill; or using, attempting to use, or threatening physical force. Id. The statute also provides that tampering can be accomplished by harassment, hindering communication, or destroying or altering documents. Id. For the different listed actions, the statute provides different punishments, ranging from life in prison (killing or attempting to kill a witness) to a maximum of three years in prison (harassing a witness). Id.

The court finds that the witness tampering statute as a whole is divisible. On its face, the statute presents several ways in which a defendant can tamper with witness testimony, and not all of those ways are violent. Furthermore, the court notes that the presence of alternate punishments for different types of tampering indicates that the statute is divisible. United States v. Music, C/A No. 1:09CR00003-003, 2019 WL 2337392 at *5 (W.D. Va June 3, 2019)("The various ways of committing the crime of witness tampering were obviously meant to be different offenses because the statute sets forth different punishments for them. . . . The fact that attempting to kill a witness carries a different punishment than killing a witness demonstrates that the statute is divisible.").

Having determined that the statute is divisible, the court must now utilize the modified categorical approach[3] to discern whether the specific section of the witness tampering statute charged is a crime of violence as defined in Section 924(c)(3)(B). Specifically the court must determine whether the section has "physical force" as an element. The Supreme Court

---

[3] "A court may use the modified approach only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction." Descamps v. United States, 570 U.S. 254, 278 (2013).

contemplated the definition of "physical force" in an ACCA context as "*violent* force—*i.e.,* force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 134 (2010). The specific section of the witness tampering statute with which Movant was charged and to which Movant pleaded guilty provides that "[w]hoever kills or attempts to kill another person, with intent to. . . prevent the attendance or testimony of any person in an official proceeding" is guilty of witness tampering. 18 U.S.C. § 1512(a)(1)(A). Here, Movant shot a witness seven to ten times. ECF No. 1729-1 at 5. Section 924(c)(3)(B) requires that an injury be proven for an offense to be violent. It is difficult to fathom a situation where "one can attempt to kill a person without intentionally using violent physical force as required by [Section] 924(c)'s force clause." Music, 2019 WL 2337392, at *5. Section 1512(a)(1)(A) contains the use or attempted use of force as an element. Because Section 1512(a)(1)(A) has the use or attempted use of force as an element, the court finds that witness tampering by attempting to kill a witness is a crime of violence. See id. Movant's ground for relief is without merit.

### B. Movant's plea

Movant asserts that his plea was invalid because he was not guilty of the crimes contained in the Indictment. Movant asserts that "his conduct in this case, was not to prevent the witness from testifying or anything, but was a direct act of retaliation for already having provided information to the authorities in this case, which led to an alleged co-defendant being arrested . . .because petitioner's actions were of retaliation, instead of trying to prevent testimony, makes him actually innocent of violating 18 U.S.C. § 1512." ECF No. 1721 at 4 (errors in original). Rule 11 of the Federal Rules of Criminal Procedure governs procedure for guilty pleas. For courts considering guilty pleas, Rule 11 requires that at a hearing, the court should place a defendant under oath an engage in a series of questions designed to inform that

5

defendant of his or her rights and to inquire if the defendant's plea is knowing and voluntary. Fed. R. Crim. P. 11(b). A proper guilty plea "constitutes an admission of all material elements of a crime." Carl Horn, III, Fourth Circuit Criminal Handbook § 88 (2018)(quoting McCarthy v. United States, 394 U.S. 459, 466 (1969)). Once a court conducts a proper Rule 11 hearing, challenging a plea's validity is a difficult task. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Because a plea of guilty is a solemn, judicial admission of the truth of the charge, a prisoner's right to contest it is usually, but not invariably, foreclosed." Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981)(citing Blackledge, 431 U.S. at 63.). To contest a plea of guilty, a defendant "must present valid reasons why his statements at arraignment should not be conclusively accepted as true." Id. at 171-72. In sum, there is a "strong presumption" that a plea made pursuant to a Rule 11 hearing is "final and binding." United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012).

Movant's plea was taken at a hearing conducted pursuant to Rule 11. After Movant was placed under oath, Judge Blatt queried Movant about his mental and physical state and concluded that Movant was competent to plead guilty. ECF No. 1444 at 1-3. Judge Blatt recited the Counts in the Indictment to which Movant was pleading guilty. Id. at 4, 8-16. Movant acknowledged that he had reviewed the indictment in his case. Id. at 4, 8-20. When asked if Movant "fully under[stood] what [he was] pleading guilty to," Movant replied "yes, sir." Id. at 4, 21-23. Movant also indicated that no party threatened him or forced him to enter a plea agreement. Id. at 11, 1-3. After the government summarized the facts in the case, Judge Blatt asked if what the government "said [was] substantially true and correct," to which Movant replied "yes, sir." Id. at 23, 20-23. Judge Blatt then found Movant's plea to be "knowingly and

6

voluntarily made" with a "basis in fact, contain[ing] all the elements of the crime. . . ." Id. at 24, 12-14.

The court finds that Movant has not provided compelling reasons with which he can challenge his plea, and therefore cannot overcome the strong presumption against challenges to valid Rule 11 plea colloquies. Movant's ground for relief is without merit.

### C. Movant's claim of ineffective assistance of counsel

Movant asserts that his counsel was ineffective for failing to raise the issue of Johnson and for failing to question the validity of Movant's plea. In Strickland v. Washington, the Supreme Court provided a two-part test through which courts should evaluate ineffective assistance of counsel claims. 466 U.S. 668 (1984). The first prong requires that a defendant show representation fell below an "objective standard of reasonableness." Id. at 687-91. There is a presumption that performance is reasonable. Id. at 689. The second prong requires a defendant show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Supreme Court defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id. If a court finds that a defendant did not meet his or her burden in proving the second prong, a court does not have to consider the first prong. Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Defendants who plead guilty face a higher burden of proving ineffective assistance of counsel, as such defendants are bound by the statements they make at Rule 11 hearings "[a]bsent clear and convincing evidence to the contrary." Id. at 1299.

At Movant's Rule 11 hearing, Judge Blatt asked Movant if he was "fully satisfied with [his attorney's] services to date," to which Movant responded "yes, sir." ECF No. 1444 at 3, 13-15. Movant also indicated that he had sufficient time to meet with his attorney to discuss his

7

case. Id. at 3, 16-17. Movant has not provided the court with evidence to show that these statements were inaccurate. Accordingly, the court finds that because of Movant's statements at his Rule 11 hearing, Movant was satisfied with his counsel's performance.

Even if Movant had not made such statements, Movant's claim of ineffective assistance of counsel is deficient. Movant's attorney could not have raised a Johnson related claim at the time Movant was sentenced. Movant pleaded guilty on March 31, 2015 and was sentenced on October 14, 2015. ECF Nos. 1430, 1587. While Johnson was decided on June 26, 2015, the issue of whether Johnson's reasoning applied to § 924(c)(3)(B) cases was not confirmed until June 24, 2019 with the Supreme Court's Davis decision. Movant also was not prejudiced because his offense has been determined to be a crime of violence. Counsel's performance was reasonable, and it is unlikely that the result of Movant's proceedings would have been different had counsel done anything differently. Movant's ineffective assistance of counsel claim fails.

### D. CONCLUSION

The government's motion to dismiss is granted. Movant's § 2255 motion is denied without prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston , South Carolina
August__2_, 2019